IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-1246-DWD |
| ) | |
| ILL. DEPT. OF CORR., ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

**DUGAN, District Judge:**

Plaintiff Darryl Conway, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). On June 13, 2025, this case was transferred from the Central District of Illinois. (Docs. 21-22). Plaintiff's complaint[1] is now technically before the Court for initial review under Section 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). However, upon reviewing the Complaint, the Court has detected a more pressing issue—Plaintiff's eligibility for *in forma pauperis* status in light of his litigation history.

According to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or

---

[1] Plaintiff submitted a complaint (Doc. 1), and then a Motion for Leave to Amend (Doc. 6) with a proposed amended pleading. Plaintiff's Motion for Leave to Amend (Doc. 6) is **GRANTED**, and the Court reviewed this newest pleading.

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Amended Complaint (Doc. 6), Plaintiff indicated that he had filed cases in other federal courts, but he did not include case specifics and he did not disclose any strikes accrued in those cases. However, court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). A review of Plaintiff's litigation history reveals both that he has accrued at least three strikes, and that he has been subjected to a filing ban in this district. Plaintiff was assessed strikes in: *Conway v. Illinois*, Case no. 12-cv-4155 (N.D. Ill. June 21, 2012) (Doc. 5); *Conway v. Cowell*, Case no. 12-cv-311 (S.D. Ill. Apr. 20, 2012) (Doc. 3); and *Conway v. Regan*, Case no. 15-cv-1158 (C.D. Ill. Aug. 17, 2015) (Doc. 37). A filing ban was instituted in *Conway v. Butler*, Case no. 13-cv-1093 (S.D. Ill. Nov. 20, 2013) (Doc. 12). Per the ban, Plaintiff was not to be permitted to file any new matters in this District until he paid a $1,009.15 fine.

Against this backdrop, it appears that Plaintiff both failed to adequately disclose his litigation history, and he may have already accrued three strikes by the time he transmitted the current complaint to the Court via e-filing. The failure to disclose litigation history is serious, and courts have authority to impose sanctions if an inmate intentionally fails to disclose litigation history. *See e.g.*, *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (having found fraud in an inmate's disclosure of litigation history,

courts may impose sanctions such as dismissal with prejudice). Additionally, if an inmate has three strikes under 28 U.S.C. § 1915(g), then he may not proceed without paying the full civil filing fee of $405. The only exception to this requirement is if an inmate demonstrates that he is in imminent physical danger, a requirement which Plaintiff has not met on the facts presented.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. See Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." Id. The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." Ciarpaglini, 352 F.3d at 331 (citing Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)). Despite not clearly disclosing his litigation history, Plaintiff alluded to the fact that he knew he had three strikes because he argued in his complaint that he should be allowed to proceed due to the imminent threat to himself and to national security. (Doc. 6 at 2-3).

Plaintiff's complaint does not adequately demonstrate that he faces imminent danger. His factual narrative is legible, but logically, it is difficult to follow. Plaintiff explains that despite being incarcerated, he is a member of military intelligence who possesses national secrets and should be released from custody. He claims that if he

remains incarcerated at Menard, either staff or fellow inmates may cause him serious harm. He further alleges that since his arrival at Menard in December of 2024, he has experienced some issues, disputes, and altercations with cellmates based either on gang conflicts or on his need to guard the secrets he possesses. In addition to the complaint, on April 28, 2025, Plaintiff filed a Motion for a Temporary Restraining Order (Doc. 13) wherein he alleges that fellow inmates and prison personnel are engaged in a RICO conspiracy and that they are either threatening to harm him or are refusing to protect him from harm done by others. As relief, he seeks single-cell status. (Doc. 13 at 4).

Neither the allegations in the complaint, nor the allegations in the motion for a temporary restraining order, clearly demonstrate that Plaintiff faces an irreparable and immediate threat of harm. At most, Plaintiff alludes to problems with his cell placement, but at this point, his allegations all pertain to events 2-4 months in the past. Many of his allegations about his role in military intelligence, and related complications of being incarcerated, sound as if they have spanned many years of his incarceration and are not new at all. In addition to the lack of clear present harm, the Court is also unable to discern any valid basis for a claim against any of the named defendants on the allegations presented. Without a potential valid underlying claim, and without a threat of imminent harm, there is no basis to grant Plaintiff in forma pauperis status by way of the imminent danger exception.

For the foregoing reasons, the Court finds it appropriate to require Plaintiff to show cause about his failure to disclose his three strikes, and his failure to disclose his filing restriction. He shall also detail his progress towards payment of the $1,009.25 filing

fee imposed on November 20, 2013, in case *Conway v. Butler*, No. 13-cv-1093 (S.D. Ill). If Plaintiff does not provide a satisfactory response, this case may be subject to outright dismissal under the filing restriction and/or he may be required to pay the $405 fee if he wishes to proceed.

Plaintiff has numerous miscellaneous motions that are pending. In light of Plaintiff's litigation history and active filing restriction, the Court will not take further action on these motions until his fee status and restriction issue are resolved.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff must file a short response (5 pages or less) within 30 days explaining his failure to disclose his three strikes, and his failure to disclose his filing restriction. If Plaintiff does not respond, he will be assessed a $405 filing fee. If he does not pay the fee, this case will be dismissed, but he will still be required to pay $405. Plaintiff's Motion to Amend (Doc. 6) is **GRANTED**, and his amended pleading was considered. Plaintiff's Motion for a Temporary Restraining Order (Doc. 13) is **DENIED** without prejudice because it does not present a plausible basis for any emergency relief.

**IT IS SO ORDERED.**

Dated: June 26, 2025          /s *David W. Dugan*
          _____
          DAVID W. DUGAN
          United States District Judge