IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRYL CONWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1246-DWD |
| | ) |
| ILL. DEPT. OF CORR., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Darryl Conway, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). On June 26, 2025, the Court ordered Plaintiff to show cause about his failure to fully disclose his litigation history and his filing restriction. Plaintiff has now responded via multiple filings. (Docs. 28, 29, 30, 31, 32).

Plaintiff takes umbrage with the Court's statement that he did not disclose strikes in his Amended Complaint. (Doc. 6). On this account he is *partially* correct. His Complaint (Doc. 1) did not disclose any strikes or litigation history. In the Amended Complaint (Doc. 6), he indicated he did not recall his cases but had a few lawsuits and "only incurred 3 strikes." (Doc. 6 at 2). As such, the Court did err when it stated explicitly in the June 26, 2025, Order that he had not disclosed strikes, but the error is not consequential. In the same Order, the Court also indicated that it seemed Plaintiff was

hinting that he had three strikes based on statements about imminent danger, and it analyzed his pleading to determine if it met the imminent danger exception. This is exactly what would have happened even if Plaintiff fully and accurately listed all prior cases, and stated which cases led to strikes. Thus, the erroneous statement that Plaintiff did not disclose his strikes, had no actual impact on the analysis conducted, or the next steps taken in this case. Additionally, Plaintiff still offers no explanation for his failure to disclose that he was subject to a filing restriction in this District in Case No. 13-cv-1093, a restriction which has not been lifted. He was directed to show cause concerning both the strikes and the restriction, and he still has not addressed the restriction.

Instead, Plaintiff seems to remain focused on imminent danger. Buried in his response to the Order to Show Cause, he alleges he is fearful because in 2018 Menard staff set him up to be assaulted, and in 2024, staff allowed inmates to kill another inmate. He also complains he is in segregation without property, such as his legal materials. (Doc. 28 at 4). Later in the document, he complains of an apparent staff assault in early January of 2025, and of issues with protective custody or single-cell status in February of 2025. (Doc. 28 at 5, 9).

In addition to the response to show cause, Plaintiff also submitted a Motion to Prove He has Established Cause to Excuse His 3 strikes and waive the fee (Doc. 31). The Motion includes a proposed amended complaint wherein he lists some of his prior case numbers, and again insists he is still in imminent danger. Although the pleading is legible, Plaintiff replies largely on speculation rather than facts about his present situation. At a high level, Plaintiff alleges in his pleadings that in the early 2000's he was

wrongfully convicted of murder at a time when he was a military operative. He explains that since that time, he has been unable to get recognition of his status as a military member or member of the intelligence community, and that instead, prison employees and fellow inmates have worked against him. He speculates that Menard is involved in a racketeering scheme with domestic terror groups, such as gangs, and that the reach may be national or international. Plaintiff seeks reassignment of this matter to a military tribunal and/or the involvement of government agencies such as the Federal Bureau of Investigation or the Central Intelligence Agency. (*See also*, Doc. 32, making the same request). He also seeks his release from custody. Whatever merit these allegations may have, they do not suggest an imminent threat to Plaintiff's safety because they are largely tied to the status quo that has existed the entire time Plaintiff has been incarcerated (now over 20 years).

As the Court previously explained, "imminent danger" requires a "real and proximate" threat. See *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Plaintiff's response (Doc. 28) and his Motions (Doc. 31, 32) do not contain sufficient allegations to demonstrate imminent danger.  He discusses some cell placement issues in February of 2025, but he did not file his original complaint until April of 2025, and his responses to the order to show cause do not reveal any continuing or enhanced danger that has arisen in the intervening five months from February of 2025 until now (July of 2025).  Plaintiff stresses his desire to invoke various provisions of federal or military law, but again, these requests do not demonstrate any particular imminence.  The situation Plaintiff describes with his underlying conviction and his status as a military operative appears to be unchanged over the course of many years.  It is not obvious why he suddenly believes that he must escalate these issues, or why these issues create a new sense of imminence or urgency.

Given that Plaintiff has not satisfactorily demonstrated imminent danger, he does not qualify for an exception to proceed without prepayment of a filing fee under 28 U.S.C. § 1915(g).  As such, if Plaintiff wishes to proceed in this matter, he must pay the full filing fee of $405 by August 8, 2025.  Failure to pay the filing fee will result in the dismissal of this action.

The Court additionally notes that Plaintiff did not address the filing restriction imposed in Case No. 13-cv-1093.  A review of the Court's financial records shows that Plaintiff has paid $609.15 towards his total fee of $1009.15.  His payments have satisfied the filing fees for District Court Case Nos. 11-cv-506 and 12-cv-662.  He has also paid the $455.00 appellate filing fee associated with Appellate Case No. 13-3598.  This leaves an outstanding fee of $400.00 for District Court Case No. 13-cv-1093.  With a fee still

outstanding, Plaintiff technically is still prohibited under the filing restriction from filing *any* new civil actions in this Court. The only proper way to remove the filing restriction, would be to pay the fee and/or to seek relief from the Order imposing the restriction. *Conway v. Butler et al.,* Case No. 13-cv-1093 (S.D. Ill. Nov. 20, 2013, Doc. 12). Because the filing restriction is still active, Plaintiff has not yet paid his fee in this case, and he continues to file a high volume of documents, the Court will not accept any further pleadings in this case until the fee status is resolved.

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff must pay the $405 filing fee by August 8, 2025, if he wants to proceed. Failure to do so will result in the dismissal of this action.

**ADDITIONALLY**, the Clerk of Court shall return **all documents to Plaintiff unfiled** until the fee issue is resolved in this case, and the Court issues a subsequent order lifting this restriction. The sole exception is that **Plaintiff may file one additional motion of five pages or less if he believes there is a new or ongoing threat of imminent danger or if he believes his fee status for Case No. 13-cv-1093 has not been properly recounted**.

A ruling on all pending Motions (Docs. 5, 7, 8, 9, 10, 14, 16, 19, 20, 29, 30, 31, 32) will be **DEFERRED** until Plaintiff pays his filing fee. If Plaintiff does not pay the filing fee, the motions will be denied as moot.

**IT IS SO ORDERED.**

Dated: July 14, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge