## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRYL CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-1246-DWD |
| | ) | |
| ILL. DEPT. OF CORR., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Darryl Conway, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center (Menard), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). On July 14, 2025, the Court gave Plaintiff 21 days to pay the $405 filing fee after determining that he has three strikes and has not satisfied the imminent danger exception contained in 28 U.S.C. § 1915(g). (Doc. 33). The Court also reviewed Plaintiff's continued status as a restricted filer in this District and because of that status, it indicated that all papers would be returned unfiled to him save for five pages re-addressing imminent danger or addressing his filing ban. Plaintiff has not paid the fee, though he did file one final document. (Doc. 34).

In the document, Plaintiff argues that his filing ban should be vacated as it has been in place for 12 years, and he has substantially complied with the requirement to pay fees. However, he also admits that he believes he has two outstanding fees for a total of

$905. Both statements cannot be true. He cannot have satisfied the conditions of the ban by paying all fees, if he still has outstanding fees. Thus, for the purposes of analyzing the present case, the Court finds that the filing ban is still in effect. If Plaintiff wishes to challenge it further, he must address that issue by filing a pleading directly in the case where the ban was issued-- Case No. 13-cv-1093.

In the Motion (Doc. 34) he also argues that he is still in imminent danger, and that things he described in his many pleadings have not occurred over the course of many years and have instead transpired at Menard. This limited reading of his submissions ignores many of his own statements, but more importantly, it ignores the fact that Plaintiff has said almost nothing about his situation from the time of filing in April of 2025, until present. As the Court indicated in its June 26, 2025, Order, Plaintiff's most specific and current allegations in the pleading suggested issues with cell placement 2-4 months in the past, but he has not provided the Court with any more current information about his safety. In his Motion, he complains that in order to pursue a civil case, he must first exhaust his administrative remedies. (Doc. 34 at 2). He seems to suggest that this is difficult for him because two weeks prior to writing the motion his asthma pump was taken by a guard during yard time, and now he is left to wheeze all night long. He suggests that this is proof of continuing conduct by staff, though he does not clearly state what the overall conduct is or when it began. Against this backdrop, the Court still finds Plaintiff's allegations too weak to support a finding of imminent harm. His ambiguous assertions that staff are engaged in a large and concerted effort to harm him are not supported by sufficient recent information to suggest a plausible threat to his safety.

Plaintiff has not paid the filing fee by August 8, 2025, as the Court mandated in the July 14, 2025, Order.  As such, this case must now be dismissed for non-payment of the fee.

### Disposition

**IT IS HEREBY ORDERED THAT** this matter is **DISMISSED** without prejudice for failure to pay the filing fee.  Plaintiff did not qualify to proceed under the imminent danger exception of 28 U.S.C. § 1915(g), so he was required to pay the full fee to proceed. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

Plaintiff's Motion to Seek relief from the filing ban or to proceed under the imminent danger exception (Doc. 34) is **DENIED** for reasons explained in this Order. Plaintiff's other pending motions (Docs. 5, 7, 8, 9, 10, 14, 16, 19, 20, 29, 30, 31, 32) are all **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: September 3, 2025

_____
DAVID W. DUGAN
United States District Judge